UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MARCEL DERRIVIERE,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS
JOHN DOES 1-10.

Defendants.

-------------------------------------------------------------------- x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 2 2 2011 ★

**BROOKLYN OFFICE**

SUMMONS ISSUED

CV 11 - 5724

**COMPLAINT**

Jury Trial Demanded

GARAUFIS, J.

GO, M.J.

### PRELIMINARY STATEMENT

1.      This is a civil rights action, alleging that the City of New York and several New

York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth

Amendments to the United States Constitution. Specifically, plaintiff alleges that, on November

5, 2010, defendants falsely arrested him, used excessive force and made false allegations about

him to the Queens County District Attorney's Office. Plaintiff seeks compensatory and punitive

damages, attorney's fees and costs, and such other and further relief as the court deems just and

proper.

### JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth

Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28

U.S.C. §§ 1331 and 1343.

3.     This court has supplemental jurisdiction over the state law claims pursuant to 28

U.S.C. § 1367.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391.

## PARTIES

5.     Plaintiff is a resident of the State of New York.

6.     The City of New York is a municipal corporation organized under the laws of the

State of New York.

7.     Police Officers John Does (the "officers") are New York City Police Officers who

were acting under color of state law and in their capacities as City law enforcement officers at all

relevant times. The officers are liable for directly participating in the unlawful acts described

herein and for failing to intervene to protect plaintiff from unconstitutional conduct. These

defendants are sued in their individual capacities.

## STATEMENT OF FACTS

8.     At or about 3:30 a.m. on November 5, 2010, Plaintiff, who has no criminal record

at all, was lawfully walking near 187th street and Jamaica Avenue in Queens, New York.

9.     As Plaintiff made his way home, a plainclothes officer approached him and his

friend.

10.    The Officer suddenly and without provocation yelled at Plaintiff and grabbed him

by the collar.

11.    The Officer assaulted Plaintiff in the face and threw him to the ground.

2

12.     Plaintiff asked the Officer for his badge number, at which point the Officer placed Plaintiff under arrest.

13.     Though Plaintiff never resisted his arrest, the Officer twisted Plaintiff's arm and placed his knee into Plaintiff's right leg, causing Plaintiff pain.

14.     Plaintiff's handcuffs were excessively tight, causing him to bleed from his wrists.

15.     Plaintiff was taken to the 103rd Precinct.

16.     Four hours later, Plaintiff was then taken to Queens Central Booking.

17.     At around 1 a.m. the next morning, Plaintiff was arraigned in Queens County Criminal Court, where his criminal charges were adjourned in contemplation of dismissal.

18.     Plaintiff was released shortly thereafter, almost 24 hours after his arrest.

19.     Plaintiff's arrest caused him to lose his job with the Untied Cerebral Palsy for whom he was employed by for 18 months.

20.     Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

21.     On February 3, 2011, within 90 days of the events set forth above, plaintiff caused to be served on the Comptroller of the City of New York a Notice of Claim. To date, the City has made no adjustment or payment with respect to this Notice of Claim.

22.     This action is commenced within one year and 90 days of the events described above.

3

## FIRST CLAIM

### (§ 1983 FALSE ARREST)

23.     Plaintiff repeats the foregoing allegations.

24.     No officer observed plaintiff commit a crime on November 5, 2010.

25.     At no time on November 5, 2010 did plaintiff commit a crime.

26.     Accordingly, defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## SECOND CLAIM

### (STATE LAW FALSE ARREST)

27.     Plaintiff repeats the foregoing allegations.

28.     The officers did not have probable cause to arrest plaintiff.

29.     Plaintiff's arrest was not privileged.

30.     Plaintiff did not consent to his confinement.

Accordingly, defendants violated New York State law because they arrested plaintiff without probable cause.

## THIRD CLAIM

### (UNREASONABLE FORCE)

31.     Plaintiff repeats the foregoing allegations.

32.     In the course of arresting plaintiff, several officers beat him for no reason.

33.     This use of force was objectively unreasonable.

4

34.     Accordingly, defendants violated the Fourth Amendment and New York State law because they used unreasonable force on Plaintiff.

## FOURTH CLAIM

### (§ 1983 MONELL CLAIM)

35.     Plaintiff repeats the foregoing allegations.

36.     The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

37.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## FIFTH CLAIM

### (PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK )

38.     Plaintiff repeats and re-alleges the allegations.

39.     Because defendants Kennedy, Rodriguez and Does were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, false imprisonment and malicious prosecution.

40.     Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

41.     Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, re-train, supervise, discipline, and monitor

5

the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

42.    In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals; (b) fabricating evidence against individuals;(c) using excessive force on individuals;(d) unlawfully strip searching pre-arraignment detainees.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

i.      Compensatory damages in an amount to be determined by a jury;

ii.     Punitive damages in an amount to be determined by a jury;

iii.    Costs, interest and attorney's fees;

iv.     Such other and further relief as the Court may deem just and proper.

DATED:    November 16, 2011

New York, New York

CHRISTOPHER D. WRIGHT (CW-8079)
Attorneys at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419

6